**F I L E D**
CLERK, U.S. DISTRICT COURT

06/23/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DARREN HUNG LE and<br>CHRIS BOULOS,<br><br>　　　　Defendants. | No. 8:22-cr-00089-RGK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute MDMA; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute MDMA; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on a date unknown, and continuing through on or about March 5, 2020, in Orange and Los Angeles Counties, within the Central District of California, and elsewhere, defendants DARREN HUNG LE and CHRIS BOULOS conspired with each other and others known and unknown

to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

B. MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant LE would solicit from defendant BOULOS the names and mailing addresses of people to whom defendant LE could direct shipments of MDMA.

2. Defendant LE would order shipments of MDMA from drug distributors, including drug distributors located outside the United States, and would direct that the shipments be delivered to the mailing addresses provided by defendant BOULOS.

3. Defendant LE would coordinate with defendant BOULOS as to when and where the shipments of MDMA would be delivered.

4. Defendant BOULOS would pick up the shipments of MDMA from the mailing addresses to which defendant LE had directed the shipments.

5. Defendant BOULOS would coordinate with defendant LE as to when and where defendant BOULOS would deliver the shipments of MDMA to defendant LE for the purpose of further distribution to drug customers.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants LE and BOULOS, and others known and unknown to the Grand Jury, committed various overt acts within the

Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>:   On October 19, 2019, using encrypted electronic communications, defendant LE asked defendant BOULOS whether defendant BOULOS obtained an additional address to which defendant LE could direct a shipment of MDMA.

<u>Overt Act No. 2</u>:   On October 19, 2019, using encrypted electronic communications, defendant BOULOS responded to defendant LE that he had obtained an additional address to which defendant LE could direct a shipment of MDMA.

<u>Overt Act No. 3</u>:   On November 7, 2019, using encrypted electronic communications, defendants LE and BOULOS discussed a United States Postal Service ("USPS") shipment that defendant LE had directed to be shipped to an address provided by defendant BOULOS.

<u>Overt Act No. 4</u>:   On November 9, 2019, using encrypted electronic communications, defendant LE informed defendant BOULOS that the USPS shipment would be arriving that day.

<u>Overt Act No. 5</u>:   On November 9, 2019, using encrypted electronic communications, defendant BOULOS confirmed that he took possession of the shipment that defendant LE had told him would be arriving that day.

<u>Overt Act No. 6</u>:   On November 17, 2019, in response to an inquiry from defendant LE regarding the availability of an address for shipments, defendant BOULOS confirmed, using encrypted electronic communications, that the address was still available and resent defendant LE a name and address of a residential apartment unit on North Kingsley Drive in Los Angeles, California (the "North Kingsley Residence").

<u>Overt Act No. 7</u>:   On November 19, 2019, in response to defendant LE's request for another name and address, defendant BOULOS informed defendant LE, using encrypted electronic communications, that defendant LE could use defendant BOULOS's address on Ferrari Lane in Garden Grove, California (the "Ferrari Residence").

<u>Overt Act No. 8</u>:   On November 19, 2019, using encrypted electronic communications, defendant LE sent defendant BOULOS two photographs and a video showing multiple clear plastic bags containing orange pills stamped "CP" and "TESLA" that were consistent with MDMA pills.  After sending the pictures and video, LE told BOULOS over encrypted electronic communications that "This the real money maker" and "7k a boat to you."

<u>Overt Act No. 9</u>:   On November 19, 2019, using encrypted electronic communications, defendant BOULOS asked how much he should make off selling MDMA, and LE responded "U should make about 250-1k," "Per boat," "Depending on the buyers."

<u>Overt Act No. 10</u>:   On November 25, 2019, using encrypted electronic communications, defendant LE informed defendant BOULOS that defendant LE ordered additional shipments to the North Kingsley Residence and the Ferrari Residence.

<u>Overt Act No. 11</u>:   On December 13, 2019, using encrypted electronic communications, defendant LE informed defendant BOULOS that one or both of the shipments to the North Kingsley Residence and the Ferrari Residence were "in customs."

<u>Overt Act No. 12</u>:   On December 14, 2019, using encrypted electronic communications, defendant LE informed defendant BOULOS that the shipment directed to the North Kingsley Residence would be "coming next week."

4

<u>Overt Act No. 13</u>:  On December 23, 2019, using encrypted electronic communications, defendant LE sent defendant BOULOS a screenshot of a shipment update reflecting that a parcel had been "delivered to an individual at the address at 7:36 am on December 23, 2019 in Los Angeles, CA 90004" (the North Kingsley Residence).

<u>Overt Act No. 14</u>:  On December 23, 2019, using encrypted electronic communications, defendant BOULOS confirmed that he had picked up the parcel and coordinated delivering the parcel to defendant LE.

<u>Overt Act No. 15</u>:  On January 7, 2020, using encrypted electronic communications, defendant BOULOS informed defendant LE that a shipment ordered to be shipped to the Ferrari Residence in November 2019, had not arrived.

<u>Overt Act No. 16</u>:  On January 7, 2020, in response to a request from defendant LE for additional names and addresses, defendant BOULOS, using encrypted electronic communications, sent defendant LE two additional names and addresses and informed defendant LE that defendant LE could send an additional shipment to the North Kingsley Residence.

<u>Overt Act No. 17</u>:  On January 29, 2020, using encrypted electronic communications, defendant LE told defendant BOULOS that he would pick up a package from defendant BOULOS's home after defendant BOULOS picked up the package from the recipient's address.

<u>Overt Act No. 18</u>:  On January 29, 2020, using encrypted electronic communication, defendant LE instructed defendant BOULOS to remove the shipment labels and burn the packaging of a shipment that arrived, stating "I need u to do my method," "Rip off all the stickers and shut and burn it."

Overt Act No. 19: On February 8, 2020, using encrypted electronic communications, defendant LE informed defendant BOULOS that a shipment would be delivered to the North Kingsley Residence the same day or the following day.

Overt Act No. 20: On February 9, 2020, using encrypted electronic communications, defendant LE informed defendant BOULOS that the parcel was at the post office after an unsuccessful delivery attempt at the North Kingsley Residence.

Overt Act No. 21: On February 9, 2020, using encrypted electronic communications, defendant BOULOS sent a photograph of himself moving a large box on a dolly at the post office to defendant LE in order to confirm that he had picked up the parcel from the post office.

Overt Act No. 22: On or about February 21, 2020, defendant LE arranged the shipment of approximately 25,380 MDMA pills, weighing approximately 12.5 kilograms, concealed within an automotive exhaust system part.

Overt Act No. 23: On February 23, 2020, using encrypted electronic communications, defendant LE informed defendant BOULOS that defendant LE had directed shipments to the North Kingsley Residence and one additional address that defendant BOULOS had provided defendant LE.

Overt Act No. 24: On February 23, 2020, using encrypted electronic communications, defendant LE instructed defendant BOULOS to send defendant LE additional names and addresses of people that defendant BOULOS trusted.

Overt Act No. 25: On March 5, 2020, at the North Kingsley Residence, defendant BOULOS accepted a parcel that defendant LE had

directed to that address, using the name of one of the residents of the North Kingsley Residence to sign for the parcel.

<u>Overt Act No. 26</u>:  On March 5, 2020, using encrypted electronic communications, defendant BOULOS informed defendant LE of the arrival of the shipment defendant LE had directed to the North Kingsley Residence.

<u>Overt Act No. 27</u>:  On March 5, 2020, using encrypted electronic communications, defendant LE instructed defendant BOULOS to look for law enforcement surveillance as defendant BOULOS transported the parcel from the North Kingsley Residence to the Ferrari Residence, stating "be extra careful please watch for cars following," and "they won't be directly behind u."

<u>Overt Act No. 28</u>:  On March 5, 2020, defendant BOULOS transported the parcel by car from the North Kingsley Residence to the Ferrari Residence.

<u>Overt Act No. 29</u>:  On March 5, 2020, defendant LE instructed defendant BOULOS to tear off all the stickers on the packaging of the parcel and burn the packaging.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about March 5, 2020, in Orange County, within the Central District of California, defendants DARREN HUNG LE and CHRIS BOULOS, each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT LE]

On or about February 21, 2021, in Orange County, within the Central District of California, defendant DARREN HUNG LE knowingly and intentionally possessed with intent to distribute 3,4-Methylenedioxymethamphetamine ("MDMA"), a Schedule I controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT LE]

On or about February 21, 2021, in Orange County, within the Central District of California, defendant DARREN HUNG LE knowingly possessed firearms, namely, a Glock, Model 43, 9mm pistol, bearing serial number BLPT659, and a Glock, Model 22, .40 caliber pistol, bearing serial number FFX737, in furtherance of a drug trafficking crime, namely, possession with intent to distribute 3,4-

///

///

///

Methylenedioxymethamphetamine ("MDMA"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

A TRUE BILL

/s/
Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
  Office

JAKE D. NARE
Assistant United States Attorney
Santa Ana Branch Office

BRIAN R. FAERSTEIN
Assistant United States Attorney
Environmental and Community Safety
Crimes Section